915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Nellie D. GLIDDEN, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 82-2195.
 United States Court of Appeals, First Circuit.
 Aug. 20, 1990.
 
 Appeal from the United States District Court for the District of Maine, Gene Carter, District Judge.
 Harry N. Starbranch, on brief for appellant.
 Richard S. Cohen, United States Attorney, Michael M. DuBose, Assistant United States Attorney and Amy S. Knopf, Assistant Regional Counsel, Department of Health and Human Service, on brief for appellee.
 D.Me.
 AFFIRMED
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff Nellie Glidden worked for nearly forty years in a succession of public-sector jobs. In April 1985, one month after her retirement, she started receiving a civil service pension of $1200 per month. Her husband having died in 1978, plaintiff became eligible in 1987, upon attaining age sixty, for widow's insurance benefits. Pursuant to 42 U.S.C. Sec. 402(e)(7)(A), however, such benefits were reduced by two-thirds of the amount of her government pension. Plaintiff has challenged this determination, claiming that she falls within a statutory exemption to this pension-offset provision. Following a hearing, an administrative law judge found such exemption, prescribed in Pub.L. No. 95-216, Sec. 334(g), to be inapplicable to plaintiff--a determination subsequently endorsed by the Appeals Council and, at the recommendation of a magistrate, by the district court. We affirm.
 
 
 2
 Both statutory provisions at issue here were enacted as part of the 1977 amendments to the Social Security Act. Pub.L. No. 95-216. In Heckler v. Mathews, 465 U.S. 728 (1984), the Court recounted the circumstances giving rise to these provisions.[1] Until 1977, husbands and widowers seeking spousal insurance benefits had to demonstrate dependency on their spouses for at least one-half of their support; wives and widows, by contrast, were subject to no such requirement. In March 1977, the Court invalidated the dependency requirement on equal protection grounds, Califano v. Goldfarb, 430 U.S. 199 (1977), thereby substantially enhancing the number of persons eligible for benefits. Concerned about the added fiscal burden entailed by this ruling, Congress responded in December 1977 by introducing the pension-offset provision. As originally enacted, this provision required that spousal (and certain other)[2] benefits be reduced by the full amount of any federal, state, or local government pension the claimant received from employment not covered by Social Security. Pub.L. No. 95-216, Sec. 334. A 1983 amendment reduced the offset, for those eligible for benefits after June 30 of that year, to two-thirds of the claimant's government pension. Pub.L. No. 98-21, Sec. 337.
 
 
 3
 Congress in 1977 also enacted a five-year transitional exception to the pension-offset provision. As the Mathews Court explained, Congress recognized that, "particularly in the years immediately preceding retirement, individuals make spending, savings, and investment decisions based on assumptions regarding the amount of income they expect to receive after they stop working. For such individuals reliance on the law in effect during those years may be critically important." 465 U.S. at 748 (footnote omitted). There was therefore a need to protect those persons "who had retired or were about to retire and who had planned their retirements in reliance on their entitlement, under pre-1977 law, to spousal benefits unreduced by government pension benefits." Id. at 733; see also H.R.Conf.Rep. No. 95-837, 95th Cong., 1st Sess. 72, reprinted in 1977 U.S.Code Cong. & Admin.News 4308, 4318 (describing need to protect those "who are already retired, or close to retirement, from public employment and who cannot be expected to readjust their retirement plans to take account of the 'offset' provision"). "In order to protect the reliance interests of this group," Mathews, 465 U.S. at 733, Congress exempted from the pension-offset requirement those persons who became "eligible" to receive pension benefits during the ensuing five years--through the end of November 1982--and who would have qualified for benefits under the Act "as it was in effect and being administered in January 1977." Pub.L. No. 95-216, Sec. 334(g), reproduced in note following 42 U.S.C. Sec. 402.[3]
 
 
 4
 Plaintiff contends that she falls within this exemption retroactively. Her relevant work record is as follows:
 
 
 5
 June 1945 May 1952 Veteran's Administration (VA)
 May 1952 March 1966 Maine National Guard
 March 1966 June 1984 Social Security Administration (SSA)
 July 1984 March 1985 Maine National Guard
 
 
 6
 The VA and SSA jobs were both covered by a civil service pension plan, whereas the National Guard position, during plaintiff's initial tenure there, was covered by FICA. In 1969, the National Guard adopted civil service retirement coverage and extended to all employees then working or subsequently reemployed credit for all years in which such employees were covered under Social Security. 5 U.S.C. Sec. 8332(b). Consequently, when plaintiff returned to work with the National Guard in July 1984, she retroactively received fourteen years of civil service retirement credits.[4] She argues that, with the retroactive credits, she would have been entitled to retire at age 55 on February 16, 1982 and that, since that date is within the five-year exemption period, she is not subject to the pension-offset provision.
 
 
 7
 Plaintiff's argument runs afoul of both the statute's language and its underlying purpose. The exemption is specifically limited to those who become "eligible" for pension benefits in any month prior to December 1982. A person is eligible for benefits, the statute further specifies, "if such benefit would be payable to such individual for that month if such individual were not employed during that month and had made proper application for such benefit." Pub.L. No. 95-216, Sec. 334(g)(2). Had plaintiff ceased working and applied for pension benefits in any month prior to December 1982, she would not have qualified therefor and such benefits would not have been "payable." As the ALJ found, plaintiff first became eligible to receive her pension on July 3, 1984--well beyond the five-year exemption--when she rejoined the National Guard and received retroactive credit for her earlier service. Moreover, plaintiff quite plainly does not fall within that class of individuals who were "close to retirement" in 1977 and could not "be expected to readjust their retirement plans to take account of the 'offset' provision." H.R.Conf.Rep. No. 95-837, 95th Cong., 1st Sess. 72 (1977).
 
 
 8
 For these reasons, we affirm the judgment of the district court.
 
 
 
 [1]
 The genesis of the pension-offset provision and its exception is further described in Batista v. Sullivan, 882 F.2d 1480, 1482 (9th Cir.1989); Webb v. Heckler, 638 F.Supp. 784, 785-86 (N.D.Cal.1986), rev'd mem., 840 F.2d 22 (9th Cir.1988); Cahoon v. Heckler, 574 F.Supp. 1021, 1022 (D.Mass.1983), aff'd mem., 740 F.2d 953 (1st Cir.1984); Rosofsky v. Schweiker, 523 F.Supp. 1180, 1181-83 (E.D.N.Y.1981), appeal dismissed, 457 U.S. 1141 (1982)
 
 
 [2]
 The pension-offset is applicable to benefits received by wives, husbands, widows, widowers, and surviving divorced parents of a wage-earning individual. 42 U.S.C. Sec. 402(b)(4)(A), (c)(2)(A), (e)(7)(A), (f)(2)(A), (g)(4)(A)
 
 
 [3]
 Section 334(g) of Pub.L. No. 95-216 reads in relevant part as follows:
 (1) The amendments made by the preceding provisions of this section [section 334] shall not apply with respect to any monthly insurance benefit payable, under subsection (b), (c), (e), (f), or (g) (as the case may be) of section 202 of the Social Security Act, to an individual--
 (A) to whom there is payable for any month within the 60-month period beginning with the month in which this Act is enacted (or who is eligible in any such month for) a monthly periodic benefit (within the meaning of such provisions) based upon such individual's earnings while in the service of the Federal Government or any State or political subdivision thereof, as defined in section 218(b)(2) of the Social Security Act); and
 (B) who at time of application for or initial entitlement to such monthly insurance benefit under such subsection (b), (c), (e), (f), or (g) meets the requirements of that subsection as it was in effect and being administered in January 1977.
 (2) For purposes of paragraph (1)(A), an individual is eligible for monthly periodic benefit for any month if such benefit would be payable to such individual for that month if such individual were not employed during that month and had made proper application for such benefit.
 
 
 [4]
 The ALJ found that plaintiff returned to the National Guard in 1984 for the primary purpose of securing such credit